UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHELLE ASPLIN                                                PLAINTIFF

V.                                 CIVIL ACTION NO. 3:25-CV-403-KHJ-MTP

VALCO HIGHWAY 51, LLC d/b/a                          DEFENDANTS
MCDONALD'S, et al.

ORDER

Before the Court is Plaintiff Michelle Asplin's [12] Motion to Remand. The Court grants the motion and remands this case to the Circuit Court of Hinds County.

I.      Background

In 2022, Asplin was eating lunch at a McDonald's in Ridgeland, Mississippi. State Ct. Compl. [1-1] ¶ 11. She went to refill her cup. *Id.* "Suddenly and without warning, a large, unsecured . . . metal piece of the ice/fountain machine fell and hit [her] on the head . . . ." *Id.* She suffered serious injuries. *Id.*

Asplin, a New York citizen, sued in Mississippi state court. *Id.* ¶ 1. She sued five named Defendants, only one of whom—Janice St. Cyr—is a Mississippi citizen. *See id.* ¶¶ 2–6; *see also* St. Cyr Answer [12-3] ¶ 6. Asplin's [1-1] Complaint alleges that St. Cyr "was the store manager of the premises at issue and was on duty at the time of the incident." [1-1] ¶ 20. It also alleges that St. Cyr failed to place signs warning customers about the unsafe machine. *Id.* ¶ 21.

Invoking this Court's diversity jurisdiction, Defendant Valco Highway 51, LLC removed. Notice of Removal [1]. Asplin timely moved to remand based on the forum-defendant rule, seeking costs and expenses. *See* [12]. Valco's response argued that St. Cyr was improperly joined. Mem. Supp. Resp. [17]. Asplin's reply disagreed. *See* Mem. Supp. Reply [19].[1]

II.   Standard

"A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

The improper-joinder inquiry asks whether "a plaintiff has a reasonable basis of recovery under state law." *Smallwood*, 385 F.3d at 573. Typically, that inquiry "is virtually identical to the inquiry on a motion to dismiss for failure to state a claim." *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 812 (5th Cir. 2021).[2] "Circuit precedent makes clear that removed state-court petitions are evaluated under the federal pleading standard." *Palmquist v. Hain Celestial Grp.*, 103 F.4th 294, 302

---

[1] The parties agree, and the Court assumes, that the improper-joinder test under *Smallwood v. Illinois Central Railroad*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), governs the propriety of joinder under the forum-defendant rule. *See* [17] at 2; [19] at 2–3. *But see, e.g., C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 4:23-CV-536, 2023 WL 8937163, at *3 (N.D. Tex. Dec. 6, 2023) ("Improper joinder is a narrow exception to the jurisdictional requirement of complete diversity, not the procedural requirement of the forum-defendant rule."), *report and recommendation adopted*, 2023 WL 8936706 (N.D. Tex. Dec. 27, 2023).

[2] "[I]f it appears that the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a district court can, in its discretion, pierce the pleadings and conduct a limited summary inquiry." *Williams*, 18 F.4th at 812–13 (citation modified).

2

(5th Cir. 2024), *cert. granted in part*, 145 S. Ct. 1960 (2025). So "[t]he complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (citation modified). That standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Palmquist*, 103 F.4th at 304 (citation modified).

"As the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation modified). "The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82. "All disputed issues of fact and any ambiguities of state law must be resolved in the [plaintiff's] favor." *Smith v. Petsmart Inc.*, 278 F. App'x 377, 379 (5th Cir. 2008) (per curiam) (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In deciding whether to award costs and expenses, the Court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

III.    Analysis

The forum-defendant rule precludes removal, so the Court remands this case. But the Court declines to award costs and expenses.

A.    Forum-Defendant Rule

The Court remands this case under Sections 1441(b)(2) and 1447(c) because St. Cyr, a Mississippi citizen sued in Mississippi state court, was properly joined.

Under Mississippi law,

> the owner, occupant, or person in charge of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning the invitee of dangerous conditions not readily apparent which the owner knows or should know of in the exercise of reasonable care.

*Smith*, 278 F. App'x at 380 (citation modified). Because the Court "must resolve all uncertainties in the relevant state law in favor of the non-moving party," the Court must "assume that under Mississippi law a store manager may qualify as a 'person in charge of premises.'" *Id.* (citation modified); *see also id.* at 381 (similar).

Although it is a close question, the Court concludes that St. Cyr was properly joined. Asplin alleges that St. Cyr was the store manager on duty when the "large, unsecured . . . metal piece of the ice/fountain machine fell . . . ." [1-1] ¶¶ 11, 20. And the Court may reasonably infer that (1) the machine's large metal piece became "unsecured" over time, not overnight; (2) customers, employees, and St. Cyr regularly operated and inspected the ice machine; and (3) customers and employees report "large" hazards that they observe in fast-food restaurants. Given all of that, it is plausible that St. Cyr knew, or reasonably should have known, that the large

4

metal piece was loose. Yet St. Cyr failed to post a warning sign about (or fix) the unsafe machine. *Id.* ¶ 21. That suffices to "raise a reasonable expectation that discovery will reveal evidence of the necessary . . . elements" of a negligence claim against St. Cyr. *Palmquist*, 103 F.4th at 304 (citation modified).

Valco offers a couple of responses. First, Valco argues that the [1-1] Complaint "does not allege what condition should have been warned against . . . ." [17] at 5. That argument fails because the [1-1] Complaint adequately alleges that St. Cyr failed to "have warning signs posted regarding the unsafe machine," which had a "large, unsecured . . . metal piece . . . ." [1-1] ¶¶ 11, 21. And second, Valco argues that the [1-1] Complaint does not allege that the large metal piece "had previously fallen" or was a falling risk. [17] at 4–5. That argument fails because, although it is possible that this was an unforeseeable one-off, it is plausible that it was not. *Supra* pp. 4–5. And the Court resolves any doubt about the propriety of removal in favor of remand. *Gasch,* 491 F.3d at 281–82.

In short, the Court concludes that St. Cyr was a properly joined forum defendant. So it remands this case under Sections 1441(b)(2) and 1447(c).

B.  Costs and Expenses

But the Court declines to award costs and expenses. Although removal was improper, Valco had "objectively reasonable grounds" to argue otherwise, given the [1-1] Complaint's many conclusory assertions and few (if ultimately sufficient) factual allegations underlying Asplin's claim against St. Cyr. *Valdes*, 199 F.3d at 293. So the Court declines to award costs and expenses here.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Asplin's [12] Motion to Remand and REMANDS this case to the Circuit Court of Hinds County.

SO ORDERED, this 25th day of July, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE